UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DISTRICT

| TADDIUS PARNELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.  1:18-cv-258-JMB |
| CHRIS THACKER, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Taddius Parnell for leave to commence this action without prepayment of the required filing fee. Because plaintiff was released from confinement shortly after filing the instant action, the Court will grant his request to proceed *in forma pauperis* and will not assess an initial partial filing fee at this time.[1] *See* 28 U.S.C. § 1915(a). In addition, for the reasons discussed below, the Court will dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319,

---

[1] "[T]he PLRA fee requirements are not applicable to a released prisoner (assuming the prisoner made any required payments while in prison) and that his obligation to pay filing fees is determined by evaluating whether he qualifies under the general in forma pauperis provision of 28 U.S.C. § 1915(a)(1)." *DeBlasio v. Gilmore*, 315 F.3d 396, 397 (4th Cir. 2003); *see also McGann v. Comm'r, Social Security Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners."). Based on the financial information submitted in support of the motion, the Court finds that plaintiff does not have sufficient funds to pay the filing fee.

328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff filed this action under 28 U.S.C. § 1983 against three defendants in both their official and individual capacities: Police Officer Chris Thacker, Caruthersville Police

2

Department, and prosecutor Jeremy Lydel. Plaintiff's complaint is hard to read and understand. He alleges that "false charges" were filed against him by Thacker and another Caruthersville police officer for stealing. Plaintiff asserts that Thacker should not have filed a stealing charge against him without a thorough investigation and where a video of the incident did not clearly show a theft taking place. Plaintiff also alleges that Thacker should not have amended the charges against him from robbery to stealing. According to plaintiff, Thacker allowed the victim to "pick out whatever she claim[ed] was hers" from the property that officers found with plaintiff, without the victim "having a receipt for any of the item[s]." Also, plaintiff complains that the property confiscated from plaintiff was filed as evidence when plaintiff claims it should have gone with him to the county jail. ECF No. 8.

Plaintiff's allegations make more sense in light of his supplemental filings. Plaintiff filed a "Probable Cause Statement" dated June 24, 2018, and signed by officer Thacker, describing the evidence against plaintiff as to the charge of second degree robbery. ECF No. 4 at 1-2. Attached to the statement was a "Warrant for Arrest and Commitment to Jail for Trial or Preliminary Hearing" dated June 27, 2018, stating that there was probable cause to arrest plaintiff for stealing $750 or more. *Id.* at 3. Plaintiff also filed his "Board of Probation and Parole Field Violation Report" dated July 31, 2018, describing the hearing held on the allegations of stealing against him. ECF No. 10. The document describes the evidence against plaintiff in regards to two violations of his probation and parole conditions. One of the violations involves the incident described by plaintiff in his complaint. Officer Thacker appeared as a witness for the state and testified as to the particulars of the stealing charge against plaintiff. The hearing officer ultimately recommended that there was enough probable cause for the warrant to have issued.

For relief, plaintiff would "like for all cases of Officer Chris Thacker to be investigated"

3

because "every case [plaintiff has] been locked up on Chris Thacker has been involved." ECF No. 8 at 6. Plaintiff also seeks money damages but he does not specify the amount.

## Discussion

Defendant Jeremy Lydel

Plaintiff names Jeremy Lydel as a defendant in the caption of his complaint and describes him as a prosecutor. However, he includes no factual allegations of specific wrongdoing on the part of Lydel in the complaint. To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Here, it is not clear from the allegations of the complaint exactly how Lydel is causally linked to, or bore any personal responsibility for a civil rights violation against plaintiff.

In addition, to the extent plaintiff can be understood to seek monetary damages against prosecutor Lydel for initiating a prosecution and presenting a criminal case against him in court, such allegations should be dismissed. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *See Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*); *see also Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"). As a result, plaintiff's allegations against prosecutor

Lydel fail to state a claim for relief and must be dismissed.

Defendant Caruthersville Police Department

Plaintiff also lists the Caruthersville Police Department in the caption of his complaint as a defendant but provides to factual allegations of wrongdoing on its part. Again, to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin*, 780 F.2d at 1338. Here, there are no allegations of how the Caruthersville Police Department is causally linked to, or bore any personal responsibility for a civil rights violation against plaintiff.

The complaint is also frivolous against the Caruthersville Police Department because municipal departments cannot be held liable under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (police departments are not suable entities because they are subdivision of city government). In addition, the complaint fails to state an actionable claim under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978), as would be necessary to substitute the municipality as a defendant. For all of these reasons, plaintiff's complaint must be dismissed as to defendant Caruthersville Police Department.

Defendant Chris Thacker

Plaintiff's official capacity claims against officer Thacker are also legally frivolous, and will be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him, which in this case is the Caruthersville Police Department. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). As noted above, this entity cannot be sued under § 1983. *See Ketchum*, 974 F.2d at 82.

To the extent that plaintiff seeks to bring a § 1983 claim against Thacker in his individual

5

capacity regarding his testimony and participation in the revocation of plaintiff's parole, such allegations fail to state claim. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court determined that where a judgment in favor of the plaintiff would necessarily implicate the validity of the plaintiff's conviction or the length of his sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. "*Heck* applies to . . . probation and parole revocation proceedings." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995), *cert. denied*, 516 U.S. 851 (1995). Therefore, plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a parole revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside, or called into question. *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Here, plaintiff has not alleged that any of the decisions regarding his parole status have been reversed, expunged, set aside or called into question. As a result, plaintiff allegations are not cognizable under § 1983 pursuant to *Heck*.[2]

Finally, to the extent plaintiff argues that officer Thacker deprived him of his property, there is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy. *E.g., Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the postdeprivation remedy of replevin for recovery of personal property. *Id.*; Mo. R. Civ. P. 99.01 -

---

[2] The Court notes that if a prisoner is granted parole and released, violates the conditions of his parole, has his parole revoked, and is sent back to prison, he may seek relief via § 2254, but he must first exhaust his state court remedies. A Missouri prisoner must exhaust his state court remedies by challenging his parole decision via one of these three avenues provided by Missouri law: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. *Wayne v. Mo. Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996).

99.15.

As a result, for all of the reasons described herein, plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e) as to all three defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel are **DENIED as moot**. [ECF Nos. 3, 12]

An Order of Dismissal will be filed separately.

Dated this 19th day of February, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE